## L. H. BELL *v*. GREAT AMERICAN FIRE EXTINGUISHER CO.

[Abstract Kentucky Law Reporter, Vol. 1—342.]

**Breach of Contract.**

> Where a contract is to divide the proceeds of sales of personalty, until the defendant is shown to have received proceeds on account of sales made by the plaintiff there is nothing to divide, and no breach of the contract is shown.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 15, 1880.

OPINION BY JUDGE COFER:

The petition sets out the agreement almost in the words of the written memorial. The contract is awkwardly worded, but the substance and legal effect of it is that the appellant was to receive one-half the proceeds of all sales made through the influence of the paper or its publisher or editor until he should receive $175. It is alleged that the advertisement was published by the appellant, who is the

publisher of the paper, for one year, and that he caused sales of the extinguisher to the amount of more than $350 to be made. Of course, it is to be understood, although the writing does not say so, that the sales referred to were to be made by or for account of appellee; but it is not alleged that the sales which the appellant caused to be made were made for it, or that it received the benefit of such sales. For aught that appears the sales referred to of the extinguishers may have been for some one else, or if the sales are to be taken to have been made for the appellee, then it is not alleged that the price for which they were made, or any part of it, has been collected or received by it.

The obligation is to divide the proceeds of the sales, and until the appellee receives something for sales caused by the appellant there is nothing to divide, and no breach of its contract.

Wherefore the judgment must be *affirmed*.

*D. M. Rodman, for appellant. A. Barnett, for appellee*: